UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ELIZABETH LUGO, MARILY LUGO,
Plaintiffs, and similarly situated individuals,

    Plaintiffs,

vs.

P.S.J., INC. d/b/a LUCKY MEATS II,
a Florida corporation, HUGO RAMIREZ,
an individual and ISIDRO PEREZ,
an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ELIZABETH LUGO (hereinafter "E. LUGO" or "Plaintiffs"), MARILY LUGO (hereinafter "E. LUGO" or "Plaintiffs"), and similarly situated individuals, sue Defendants, P.S.J., INC d/b/a LUCKY MEATS II ("LUCKY MEATS"), HUGO RAMIREZ ("RAMIREZ") and ISIDRO PEREZ ("PEREZ") and states:

    1.    E. LUGO and similarly situated individuals bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act") to recover unpaid back wages, and an additional equal amount as liquidated damages, reasonable attorneys' fees and costs.

    2.    M. LUGO and similarly situated individuals bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act") to recover unpaid back wages, and an additional equal amount as liquidated damages, reasonable attorneys'

fees and costs.

3. Jurisdiction of this action is conferred upon the court by section 16 (b) of the Act, 29 U.S.C. § 216 (b).

4. All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

## PARTIES

5. E. LUGO, is an individual, a resident of Miami-Dade County, Florida, and was an employee of LUCKY MEATS from or about September 2, 2017 through April 6, 2019.

6. M. LUGO, is an individual, a resident of Miami-Dade County, Florida, and was an employee of LUCKY MEATS from or about April 2, 2018 through the June 19, 2019.

7. At all times material to this Complaint, E. LUGO and M. LUGO were employees of LUCKY MEATS who was non-exempt from the overtime provisions of the Act.

8. LUCKY MEATS is a Florida corporation doing business in Miami-Dade County, Florida at all times relevant to this Complaint. Its principal place of business is in Miami-Dade County, Florida.

9. RAMIREZ acted and acts directly in the interests of LUCKY MEATS in relation to its employees. RAMIREZ ran the day-to-day operations of LUCKY MEATS during the time that Plaintiffs worked there. Thus, he was and is an employer within the meaning of Section 3(d) of the Act, 29 USC § 203(d).

10. PEREZ acted and acts directly in the interests of LUCKY MEATS in relation to its employees. PEREZ ran the day-to-day operations of LUCKY MEATS during the time that Plaintiffs worked there. Thus, he was and is an employer within the meaning of Section 3(d) of

the Act, 29 USC § 203(d).

11. E. LUGO was engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j), respectively, of the Act, 29 U.S.C. § 203(b) and (j), while working for LUCKY MEATS, RAMIREZ and PEREZ and at all times material to this Complaint.

12. M. LUGO was engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j), respectively, of the Act, 29 U.S.C. § 203(b) and (j), while working for LUCKY MEATS, RAMIREZ and PEREZ and at all times material to this Complaint.

13. Upon information and belief, LUCKY MEATS' gross revenues for 2017 to the present exceeded $500,000 per year.

14. Upon information and belief, LUCKY MEATS regularly orders goods and materials that come from outside the State of Florida.

15. By reason of the foregoing, LUCKY MEATS was during all times hereinafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act, 29 U.S.C. § 203(r) and 203(s).

16. Plaintiffs consent to being party-plaintiffs in this lawsuit. (Ex. A).

**FACTUAL ALLEGATIONS**

17. E. LUGO began working for LUCKY MEATS in or about September 2, 2017 and was paid on an hourly basis. LUCKY MEATS failed to pay E. LUGO for her first week of work.

18. M. LUGO began working for LUCKY MEATS in or about April 2, 2018 and was paid on an hourly basis. LUCKY MEATS failed to pay M. LUGO for her first week of work.

19. E. LUGO and M. LUGO often worked more than forty (40) hours per week but was not paid time and half for those hours worked over forty (40) hours per week.

20. Plaintiffs and similarly situated individuals often worked more than forty (40) hours per week but were not paid time and half for those hours worked over forty (40) hours per week.

21. In 2019, the United States Department of Labor (DOL) conducted an investigation of Defendants' pay practices and concluded that they had failed to pay overtime to numerous employees.

## COUNT I -- VIOLATION OF FAIR LABOR STANDARDS ACT
### (FAILURE TO PAY OVERTIME WAGES)

22. Federal law, 29 U.S.C. §207(a)(1), states that "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at a rate of at least one and a half times the employee's regular rate."

23. At all times since the three years preceding the filing of this Complaint, LUCKY MEATS, RAMIREZ and PEREZ willfully employed Plaintiffs and/or similarly situated individuals in the aforesaid enterprise, in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce as described above, for many workweeks longer than 40 hours, and failed and refused to compensate Plaintiffs for such work in excess of 40 hours at rates not less than one and one-half times the regular rate at which she was employed, contrary to the provisions of Section 7(a) of the Act, 29 USC § 207(a).

24. Defendants are employers under the Act.

25. Defendants willfully and intentionally failed to pay Plaintiffs and similarly situated individuals the statutory overtime rate as required by the laws of the United States as set forth

above and remains owing his back wages.

26. As a result of the under payments of wages alleged above, LUCKY MEATS, RAMIREZ and PEREZ are indebted to Plaintiffs and similarly situated individuals in the amount of the unpaid overtime compensation. Plaintiffs proposes to obtain the necessary records and information to determine the amount of the underpayment to Plaintiffs by appropriate discovery proceedings to be promptly taken in this cause.

WHEREFORE, Plaintiffs and similarly situated individuals demand judgment awarding her and similarly situated individuals all such legal and/or equitable relief that will effectuate the purpose of the Act including, but not limited, to back pay, liquidated damages, reasonable attorney fees, pursuant to the Act, 29 U.S.C. § 216 (b), along with court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this court finds will reasonable under the circumstances. Plaintiffs also requests retrospective and prospective injunctive relief pursuant to 29 U.S.C § 217 requiring Defendants to pay overtime owed to its employees and an Order prohibiting Defendants from violating the FLSA in the future.

## COUNT II -- VIOLATION OF FAIR LABOR STANDARDS ACT
**(E. LUGO – RETALIATORY DISCHARGE)**

27. Plaintiffs re-allege paragraphs 1 through 21 as if fully set forth herein.

28. E. LUGO complained about her wages and was forced to quit her job as a result. LUCKY MEATS took actions to force E. LUGO to quit or took actions for which her quit was a reasonably foreseeable consequence because of her protected activity.

29. LUCKY MEATS was motivated in its unequal treatment of E. LUGO because of her complaint(s) regarding her wages.

30. LUCKY MEATS through the actions of their agents, have violated the FLSA, 29

U.S.C. § 215 (a)(3).

31. LUCKY MEATS' actions were intentional or were taken with reckless disregard of E. LUGO' rights under the FLSA.

### COUNT III -- VIOLATION OF FAIR LABOR STANDARDS ACT
### (M. LUGO – RETALIATORY DISCHARGE)

32. Plaintiffs re-allege paragraphs 1 through 21 as if fully set forth herein.

33. M. LUGO's work hours were reduced and Defendants' employees chastised M. LUGO for their belief that she complained to the DOL about Defendants' pay practices and failure to pay overtime. M. LUGO was forced to quit her job as a result. LUCKY MEATS took actions to force E. LUGO to quit or took actions for which her quit was a reasonably foreseeable consequence because of her protected activity.

34. LUCKY MEATS is motivated in its unequal treatment of M. LUGO because of her complaint(s) regarding her wages and because of Defendants' belief that she reported Defendants' to the DOL and participated in the DOL's investigation.

35. LUCKY MEATS through the actions of their agents, have violated the FLSA, 29 U.S.C. § 215 (a)(3).

36. LUCKY MEATS actions were intentional or were taken with reckless disregard of M. LUGO' rights under the FLSA.

WHEREFORE, Plaintiffs asks this Court to grant the following relief with regards to Counts II and III:

a. Issue a declaratory judgment finding that Defendants' conduct toward Plaintiffs violated the FLSA;

b. Enjoin and restrain LUCKY MEATS and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c. Enter judgment in favor of Plaintiffs and against LUCKY MEATS for back pay in the amount of wages and fringe benefits it is determined that Plaintiffs lost as a result of LUCKY MEATS unlawful conduct, together with prejudgment interest from the date of the violations;

d. Enter judgment in favor of Plaintiffs and against LUCKY MEATS for compensatory damages (pecuniary and non-pecuniary damages, pain and suffering, etc.), and liquidated damages together with pre-judgment interest;

e. Award E. LUGO a reasonable attorney's fee, pursuant to 29 U.S.C. § 216 together with costs of this action; and

f. Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of E. LUGO's rights, to prevent reoccurrence of similar acts in the future and to protect LUCKY MEATS other employees from such unlawful behavior.

### COUNT IV -- VIOLATION OF FAIR LABOR STANDARDS ACT
**(MINIMUM WAGE VIOLATION)**

37. Plaintiffs re-allege paragraphs 1 through 21 as if fully set forth herein.

38. Plaintiffs were entitled to be paid the applicable minimum wage for each hour Plaintiffs worked during Plaintiffs' employment with Defendants.

39. Defendants failed to pay Plaintiffs the minimum wage for each hour Plaintiffs worked for Defendants when Defendants failed to pay Plaintiffs for their first week of work.

40. As a result of Defendants' actions in this regard, Plaintiffs have not been paid the applicable minimum wage for each hour worked during one or more weeks of employment with Defendants.

41. Defendants had specific knowledge they were paying sub-minimum wage to Plaintiffs, but still failed to pay Plaintiffs at least a minimum wage.

42. Defendants willfully failed to pay Plaintiffs the applicable minimum wage for all hours during one or more weeks of work contrary to 29 U.S.C. §206.

43. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered and continues to suffer damages and lost applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. §206.

WHEREFORE, Plaintiffs demand judgment awarding them all such legal and/or equitable relief that will effectuate the purpose of the Act including, but not limited, to back pay, liquidated damages, reasonable attorney fees, pursuant to the Act, 29 U.S.C. § 216 (b), along with court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this court finds will reasonable under the circumstances. Plaintiffs also requests retrospective and prospective injunctive relief pursuant to 29 U.S.C § 217 prohibiting Defendants from violating the FLSA in the future.

## JURY DEMAND

Plaintiffs demands trial by jury on all issues so triable.

Respectfully submitted,

GARY A. COSTALES, P.A.
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
(305) 375-9510
(305) 375-9511 (facsimile)

/s Gary A. Costales
Gary A. Costales, Esq.
Florida Bar No. 0948829

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

ELIZABETH LUGO, MARILY LUGO
and similarly situated individuals,

    Plaintiffs,

vs.

LUCKY MEAT, et al

    Defendants.
_____/

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF

I, Elizabeth Lugo, pursuant to the Fair Labor Standards Act (FSLA), 29 U.S.C. § 216(b), hereby consent to becoming a party-Plaintiff in this action.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury that the foregoing is true and correct. Dated this 5/13/19 day of May, 2019.

_____
Elizabeth Lugo

**Ex. A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

ELIZABETH LUGO, MARILY LUGO
and similarly situated individuals,

    Plaintiffs,

vs.

LUCKY MEAT, et al,

    Defendants.
_____/

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF

I, Marily Lugo, pursuant to the Fair Labor Standards Act (FSLA), 29 U.S.C. § 216(b), hereby consent to becoming a party-Plaintiff in this action.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury that the foregoing is true and correct. Dated this 13 day of May, 2019.

*Marily Lugo*
Marily Lugo